IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

|  |  |
|---|---|
| THE STATE OF MAINE, through the MAINE DEPARTMENT OF ENVIRONMENTAL PROTECTION,<br><br>   Plaintiff,<br><br>   v.<br><br>UNITED STATES OF AMERICA,<br><br>   Defendant. | Civil Action No. 1:16-cv-406-JAW |

## CONSENT DECREE

  WHEREAS, Plaintiff the State of Maine (the "State") filed the Complaint herein against Defendant the United States of America ("United States"), alleging that the United States is a potentially responsible party under the Comprehensive Environmental Response, Compensation, and Liability Act of 1980 ("CERCLA"), as amended, 42 U.S.C. § 9601 *et seq.*, in connection with the Portland Bangor Waste Oil site in Ellsworth, Maine ("Ellsworth PBWO Site"), and the Portland Bangor Waste Oil site in Casco, Maine ("Casco PBWO Site") (collectively the "Sites") as defined herein;

  WHEREAS, the State alleges that the Maine Department of Environmental Protection ("MDEP"), an agency of the State, incurred and will incur response costs within the meaning of CERCLA with respect to the Sites and seeks to recover response costs from the United States in this action;

  WHEREAS, the State and the United States agree that settlement of this case is in the public interest, that settlement of this matter will avoid the costs and uncertainties of further

litigation, and that entry of this Decree is the most appropriate means of resolving the claims against the United States in this case;

WHEREAS, this Decree is intended to constitute a complete and final settlement of the State's claims set forth in the Complaint regarding the Sites; and

WHEREAS, the Court finds that this Decree is a reasonable and fair settlement of the claims in this case, and that this Decree adequately protects the public interest.

THEREFORE, before the taking of any testimony upon the pleadings, without further adjudication of any issue of fact or law, and upon consent of the parties hereto by their authorized representatives, it is hereby ORDERED, ADJUDGED and DECREED as follows:

## I.  JURISDICTION AND VENUE

1.    This Court has subject matter jurisdiction over claims in the Complaint, pursuant to 28 U.S.C. § 1331 (Federal Question), and 42 U.S.C. §§ 9607 and 9613(b) (CERCLA).  This Court has personal jurisdiction over the Parties.

2.    Venue is proper in the District of Maine pursuant to 42 U.S.C. § 9613(b) (CERCLA), and 28 U.S.C. § 1391(b) and (c), because the United States conducts business in this District, the Sites are located in this District, the alleged releases occurred in this District, and the causes of action alleged in this matter arose in this District.

## II.  PARTIES BOUND

3.    The obligations of this Decree shall apply to and be binding upon the United States and the State, including their respective officers, agents, and employees.

## III. DEFINITIONS

  4. Unless otherwise expressly provided herein, terms used in this Decree which are defined in CERCLA or in regulations promulgated under CERCLA shall have the meaning assigned to them in CERCLA or in such regulations. Whenever terms listed below are used in this Decree, the following definitions shall apply:

    a. "Effective Date" shall mean the date that this Decree is entered by the Court.

    b. "Response Costs" shall mean all costs of "response" as that term is defined in Section 101(25) of CERCLA, 42 U.S.C. § 9601(25), incurred by the State for response actions conducted at or in connection with the Sites, as defined herein.

    c. "Natural Resource" or "Natural Resources" shall mean land, fish, wildlife, biota, air, water, ground water, drinking water supplies, and other such resources, belonging to, managed by, held in trust by, appertaining to, or otherwise controlled by the State of Maine at the Sites.

    d. "Natural Resource Damages" shall mean damages recoverable by the State of Maine on behalf of the public under Section 107 of CERCLA, 42 U.S.C. § 9607, for injury to, destruction of, loss of use of, or impairment of Natural Resources, resulting from the release or discharge of hazardous substances at the Site, including, but not limited to: (i) the costs of assessing such injury, destruction, loss or impairment arising from or relating to such release of hazardous substances; (ii) the costs of restoration, rehabilitation, or replacement of injured or lost Natural Resources or of acquisition of equivalent Natural Resources; (iii) the costs of planning

such restoration activities; (iv) compensation for injury, destruction, loss, loss of use, or impairment of Natural Resources; and (v) each of the categories of recoverable damages described in 43 C.F.R. § 11.15.

      c.    "Casco PBWO Site" shall mean the real property, encompassing approximately 4.58 acres, located on Tenny Hill Road, generally depicted in Town of Casco tax records as Lot 12A-1 on Tax Map 5, and fully described, and recorded in the York County Registry of Deeds in Plan Book 7410, Page 161.

      d.    "Ellsworth PBWO Site" shall mean the real property, encompassing approximately 0.92 acres, located at 318 Bangor Road in Ellsworth, Hancock County, Maine, generally depicted in Town of Ellsworth tax records as Lot 3 on Tax Map 49, and fully described and recorded in the York County Registry of Deeds in Plan Book 3123, Page 123.

      e.    "State of Maine" or the "State" means the State of Maine and all of its departments, agencies, and instrumentalities, by and through the Office of the Maine Attorney General.

      f.    "United States" means the United States of America and all of its departments, agencies, and instrumentalities.

## IV. SCOPE AND EFFECT OF CONSENT DECREE

5.    This Decree was negotiated and executed by the State and the United States in good faith and at arm's length and is a fair and equitable compromise of claims, which were vigorously contested.

6. This Decree shall constitute a full and final resolution between the State and the United States with respect to the claims asserted in the Complaint.

7. This Decree is not to be interpreted as an admission on the part of any Party of any issue of fact or law, or liability or wrongdoing, and it is expressly understood that no Party, by agreeing to this Decree, admits liability of any sort or any other issue of fact or law.

## V. REIMBURSEMENT OF RESPONSE COSTS

8. Subject to paragraph 10, as soon as reasonably practicable after the Effective Date, the United States will pay $413,433.00 to the State. Payment shall be made by Electronic Funds Transfer in accordance with instructions provided by the State, payable to the Maine Uncontrolled Site Fund that is administered by:

> Maine Department of Environmental Protection
> Bureau of Hazardous Materials and Waste Management
> Division of Remediation
> State House 17
> Augusta, Maine  04333-0017

9. If such payment is not made in full within one-hundred and twenty (120) days after either the Effective Date of this Agreement, or the date upon which the State provides the United States with payment instructions, whichever is later, then interest on the unpaid balance shall be paid commencing on the 121st day after such later date. Interest shall accrue at the rate specified for interest on investments of the Hazardous Substance Superfund established under subchapter A of chapter 98 of Title 26 of the United States Code.

10. The payment by the United States in paragraph 8 is subject to the availability of funds appropriated for such purpose. No provision of this Consent Decree shall be interpreted as or constitute a commitment or requirement that the United States obligate or pay funds in contravention of the Anti-Deficiency Act, 31 U.S.C. §§ 1341-42 and 1511-19, or any other applicable federal law.

## VI. COVENANT NOT TO SUE

11. In consideration of the payment in paragraph 8 of this Decree, and except as otherwise specifically provided in this Decree, the State covenants not to sue or to take administrative action against the United States pursuant to Section 107 or Section 113 of CERCLA, 42 U.S.C. §§ 9607, 9613, or any other applicable State or federal laws, including common law, with respect to Response Costs or Natural Resource Damages. This covenant extends only to the United States and does not extend to any other person.

12. In consideration of the receipt of the payment in Paragraph 8 of this Decree, and subject to the limitations in Paragraph 13, the State hereby discharges, and covenants and agrees not to assert (by way of the commencement of an action, the joinder of the United States in an existing action, or in any other fashion) any and all claims, causes of action, suits or demands of any kind whatsoever in law or in equity which it may have had, or hereafter have, including, but not limited to, claims under CERCLA sections 107 and 113, against the United States for Response Costs and Natural Resource Damages, including but not limited to Response Costs and Natural Resource Damages associated with off-site contamination that may be emanating from the Sites.

13. The signing of this Decree and each Party's consent to comply shall not limit or otherwise preclude MDEP from taking additional action pursuant to the powers granted to it under State and/or federal environmental laws and regulations: (a) to address violations of such laws or regulations not otherwise addressed by this Decree; or (b) to reduce or eliminate risks to public health or the environment at the Site that were not known to MDEP at the time of approval of this Decree.

14. The United States hereby covenants not to sue the State for Response Costs and Natural Resource Damages at the Sites, except that the United States specifically reserves its right to assert against the State any claims or actions regarding the Sites brought on behalf of the United States Environmental Protection Agency, any federal lead agency under the National Contingency Plan, or a federal natural resource trustee. Notwithstanding any other provision of this Decree, the United States also retains all authority and reserves all rights to take any and all response actions authorized by law at the Sites.

VII. EFFECT OF SETTLEMENT; CONTRIBUTION PROTECTION

15. Nothing in this Decree shall be construed to create any rights in, or grant any cause of action to, any person not a Party to this Decree. The preceding sentence shall not be construed to waive or nullify any rights that any person not a signatory to this decree may have under applicable law. Each of the Parties expressly reserves any and all rights (including, but not limited to, any right to contribution), defenses, claims, demands, and causes of action which each Party may have with respect to any matter, transaction, or occurrence relating in any way to the Sites against any person not a Party hereto.

16. The Parties agree that the United States is paying its fair share of Response Costs and Natural Resource Damages, and the United States does not anticipate bring claims against third parties relating to the Sites.

17. The Parties agree, and by entering this Decree this Court finds, that this settlement constitutes a judicially approved settlement for purposes of Section 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2), and that the United States is entitled, as of the Effective Date, to protection from contribution actions or claims as provided by CERCLA Section 113(f)(2), 42 U.S.C. § 9613(f)(2), or as may be otherwise provided by law, for Matters Addressed in this Consent Decree. "Matters Addressed" means all Response Costs and Natural Resource Damages.

18. The Parties agree to join in and/or support, as may be appropriate, such legal proceedings as necessary to secure the Court's approval and entry of this Decree and to secure and maintain the contribution protection contemplated in this Decree. Nothing in this Decree is intended to be construed to mean that the State would provide indemnification to the United States in the event of a claim for contribution.

## VIII.  OTHER CLAIMS

19. This Decree does not extend to or inure to the benefit of any party, person, or entity, other than the State and the United States, and nothing in this Decree shall be construed to make any other party, person, or entity a third-party beneficiary of this Decree. Furthermore, nothing in this Decree is intended to be, nor shall be construed as, a waiver, release, or covenant not to sue for any claim or cause of action, administrative or judicial, in law or in equity, which

the United States or the State may have against any person, firm, partnership, trust, corporation or any other entity that is not a party to this Decree.

20. The State certifies, based on its knowledge and belief, that as of the Effective Date of this Agreement, the State has not been reimbursed for the portion of the Response Costs and Natural Resource Damages for which it will receive reimbursement or payment by the United States under this Decree. The State shall not seek or accept reimbursement or payment for the Response Costs and Natural Resource Damages paid pursuant to this Decree from any other entity or through future federal government contracts, grants or other agreements.

## IX. RETENTION OF JURISDICTION

21. This Court shall retain jurisdiction over this matter for the purpose of interpreting and enforcing the terms of this Decree.

## X. COSTS OF SUIT

22. Subject to paragraph 8, each party to this Decree shall bear its own costs and attorneys' fees in this action.

## XI. SIGNATORIES/SERVICE

23. Each of the undersigned certifies that he or she is fully authorized to enter into the terms and conditions of this Decree and to execute and legally bind the Party he or she represents to this document.

24. This Decree may be signed in counterparts, and its validity shall not be challenged on that basis.

IT IS SO ORDERED.

Dated and entered this 18th day of August, 2016.

>/s/John A. Woodcock, Jr.
>JOHN A. WOODCOCK, JR.
>United States District Judge

ON BEHALF OF THE STATE OF MAINE:


/s/ Avery T. Day                                        12/15/15
Avery T. Day, Acting Commissioner                       Date
Maine Department of Environmental Protection


/s/ Peter B. LaFond                                     12/21/15
Peter B. LaFond, Assistant Attorney General             Date
Maine Office of Attorney General
6 State House Station
Augusta, ME 04333-0006
(207) 626-8511

11

ON BEHALF OF THE UNITED STATES:

JOHN C. CRUDEN
Assistant Attorney General
Environment and Natural Resources Division


/s/ Amy J. Dona                                  Dated:    6/1/16
Amy J. Dona
Environmental Defense Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044-7611
(202) 514-0223